Case No. 17-1221 et al. Novato Healthcare Center Petitioner v. National Labor Relations Board Mr. Parsons for the petitioner, Ms. Johnston for the respondent Good morning, and may it please the Court Ryan Parsons on behalf of Novato Healthcare Center There are three issues for the Court's consideration in this case Three unfair labor practice findings from the NLRB that Novato is asking this Court to review The first is the alleged interrogation of Narvius Metellus by a Novato supervisor when she asked him how he intended to vote in the upcoming union election The second is the termination of four Unit 4 employees either for sleeping or for their pro-union support And the third is for the termination of Gonzalo Rodriguez either for sleeping or as the pawn in an unlawful design of Novato's scheme I'd like to start with the interrogation, if possible because the interrogation finding is a linchpin that holds the entire case together The ALJ's finding and the Board's subsequent adoption of the interrogation is used as evidence to support unlawful animus with respect to the terminations It's used to support the ALJ and Board's claim of pretext with respect to the terminations And so if the interrogation falls away, then the rest of the termination findings become much more problematic And the finding on the alleged interrogation cannot stand The entire interaction between Metellus and the supervisor as described by Metellus, was just two lines of dialogue on each side Which way are you going to vote? I'm voting for the union You know, if the union wins, they can take a portion of your paycheck I'm not worried about that Can I pause for one second? You said that the interrogation is the basis for the finding of animus Animus is the first step of right line? Correct, Your Honor I thought you conceded the first step of right line Well, it's used as evidence for animus and it's also used as evidence to support the pretext at the second stage In both the alleged anti-union I thought you were resting solely on the ground Correct, Your Honor Let me get what it is you're resting solely on before you agree Sorry You might be agreeing to more than one I thought you were resting solely on the ground that you would have done it Would have fired them anyway, isn't that right? That is correct, Your Honor And you agree that depends totally on credibility That's what you say in your reply brief It depends on credibility, but the ALJ and then subsequently the board found support for this credibility determination on the grounds that Nevada was engaged in this anti-union campaign So it is still relevant to the second step of the right line analysis I'm asking this because I don't recall this argument being made in your brief that the whole case falls away if you win on interrogation Did you make that argument? Your Honor, I have to I'll trust you if you just tell me I believe we did, yes And if I'm mistaken If you could just look for it when you sit down Sure, absolutely, Your Honor So there's two halves to this communication between Mattelis and the supervisor The first is which way you're going to vote and he readily acknowledges he's going to vote for the union The second half is the statement that if the union wins they could take a portion of your paycheck Mattelis says, I'm not worried about that That's the end of the interaction The finding of interrogation naturally falls on the first half of that interaction But to support that, they rely on the second half of the interaction which was the statement that the union could take a portion of your paycheck Your argument is focusing simply on the words that were spoken between the two people and both the ALJ and the board thought the context here mattered And that's right, it's a matter of law, right? We're supposed to look at the context, the disparity in the position between the two folks the setting, the whole context So can you address that issue, the larger context? Sure, I think the context supports finding this was not an interrogation The fact that he did readily admit it is one of the factors that they look at in context Another is the fact that he was wearing this lanyard The board, of course, makes much of the fact that these folks were open and obvious supporters of the union What about that it was a high-ranking person in management who had not before interacted with this person? Certainly the fact that Ms. Rocha was the director of staff development and not his front-line supervisor is a factor that goes the other way But having said that, Metellus acknowledged that he didn't even know really who she was or what she did He knew she was a DSD, and that's effectively all he knew So within those contexts, the fact that he didn't know she was a high-ranking supervisor really mitigates the coercive nature of that factor Was that point doubted by the ALJ, that statement? Which statement? That he didn't know I don't believe so I think the transcript is very clear that he says it was this DSD and her name was Gay and that was all he knew I'm pretty sure the record evidence is very clear on that point So because of that, we would argue that the interrogation finding falls away And that transitions to the second point, which is the But you've already acknowledged, to my question, you said, yeah, that point cuts their way We're dealing in an area where deference is owed, right? And when you acknowledge that there is at least one factor that cut in the direction of finding this coercive What are we supposed to do with that? Except that, Your Honor, in this case It's a deferential standard, right? It is an interpretation of the act, which is entitled deference Except for the fact that a substantial chunk of the board's reasoning The legal judgment is whether that interchange was coercive, right? Correct And that depends on all sorts of factual circumstances And we're not in a position to evaluate those circumstances, as well as the ALJ and the board were That's why the legal standard for us is highly deferential I agree, except for the fact that a substantial portion of the reasoning that the ALJ relied on Is statements that by law cannot be considered to support the argument, which is these Statements, statements That's why I say you're focusing on the words that we use The legal standard looks at something far more than the words Right, but again, I would just go back to the point that the ALJ relied on the fact that These post-question statements were coercive when they cannot be as a matter of law Because they are protected First Amendment speech That argument was not made below Correct, Your Honor That argument was not made in front of the ALJ or the board Having said that, it is a protected First Amendment right To be protected from government interference with free speech And your position is that all constitutional rights cannot be forfeited By failure to raise below in any kind of case I would not make the argument that broadly, Your Honor I would argue that this right, the right to be protected from government interference with freedom of speech Cannot be waived And is there a case that says that? Not beyond what we cite in our briefs, Your Honor So there's no case that says that it overcomes the jurisdictional bar of the National Labor Relations Act? Not in so many words, correct, Your Honor Not in any words, is that right? I think of the cases we cite in our briefs of court are this argument Regardless of how the court finds on the I see I'm into my rebuttal time I'd like to reserve the remainder of my time for rebuttal unless the court has any further questions Good morning, and may it please the court My name is Rebecca Johnston for the National Labor Relations Board Novato has greatly narrowed the issues for review before this court They admit that they are challenging only the board's factual findings Which are governed by the deferential substantial evidence review They also admit that in large part   They are challenging the administrative law judge's credibility findings Which, as this court acknowledges There's a high bar for overturning these credibility findings Novato has not met that high bar It has not shown that they are hopelessly incredible Self-contradictory or patently insupportable Turning first to the unlawful suspension and discharge of the 4th Station 4 employees Novato concedes that the board met The general counsel met its initial showing of unlawful motivation In its argument, it claimed that It argued that if the interrogation falls away The rest of the violations fall away This was not made in any of the briefing And so that argument is waived The board's credibility findings As adopted Or the ALJ's credibility findings As adopted by the board Are well supported But the ALJ went a little too far there I do not find her testimony credible And reject her version of this completely That's kind of loose language, isn't it? Because there were some portions of the testimony That were credible What are we to do with such loose language? Your Honor, she did say That she rejected them completely But certain portions, I think she did rely So what are we to do with that discrepancy? Overall, I think just If you look at her credibility findings They are well supported and well explained Notwithstanding what you characterize as being loose language So you would agree that's loose language? I would agree that she did credit Portions of her testimony She did rely on, particularly That she looked at the clock at 3.50 a.m. And that she did, in fact, witness two employees with their eyes closed But in large part The portions of her testimony that she credited Were corroborated by other testimony For example, testimony of the four employees Yes In its briefing, Novato claims that this photo Is the type of documentary evidence that would Be something that the court would look at to overturn credibility findings This is not accurate It does not contradict the testimony Of the four employees who Novato doesn't even mention In its brief And it does not show that Gilman's testimony Should be credited in total It does not show It simply does not show Novato's version of events It does not show all four employees asleep at the same time It does not show whether the two employees with their eyes closed Were on their breaks at the time It does not show when they started their breaks Or when they ended their breaks So the administrative law judge Looked at this piece of evidence And gave it little weight Particularly considering that the time stamp on the photo Appeared several months after The decision to terminate the employees Turning next to the Station 1 employee Who Novato terminated It is well settled board law That the discipline of a neutral or even an anti-union employee To cover up discriminatory conduct Against union supporters Also violates the act Novato again concedes the initial showing of unlawful motivation And here it cannot meet its affirmative defense Of showing that it would have issued the same discipline For this employee Notwithstanding the union activity of the four employees Novato doesn't even mention this email in the record Which is clear documentary evidence That it would not have met its affirmative defense In this email, which is from its counsel The counsel states that The employee on Station 1 is a bit of a different story Because her sleeping was tolerated By her charge nurse It nevertheless goes on to say To counsel the employer That it should not consider any lesser discipline For fear of diluting its arguments With the other four Before the NLRB or a judge And that email is at Joint Appendix 529 Novato hasn't addressed this in its briefing And finally turning to the interrogation Just looking at what happened Under the totality of the circumstances You have a contentious union campaign A high-level supervisor who is not normally present on the night shift An employee who is alone But you'll agree that there was nothing that Rocha said Was per se violative of the act? No A manager can have that type of discussion? Yes, under the act So what's unlawful here? You look at the context and the totality of the circumstances In determining whether an interrogation is unlawful And she asks this employee who is alone How are you going to vote in the upcoming meeting? There's nothing wrong with that, right? There's nothing wrong with asking how someone's going to vote That's just one factor to consider Among others in the interrogation analysis And as the board noted This question in particular is uniquely coercive The board guards the secrecy of the voting booth And protects its employees' rights To their secret ballot election This wasn't the only thing that the board considered But it did find the nature of the question to be troubling The supervisor did not offer any assurances Against reprisal for his admitting That he was going to vote for the union And didn't explain why it was asking this type of question I know counsel says that the employee Didn't know who this person was Who was interrogating him But the employee testified that it was the DSD And testified that it was a person named Gay And then the employee went on to testify As to what the DSD did What her job duties were So it's clear that the employee knew This was a high-level supervisor And as for the employer's argument That the subsequent comment You know the union can take part of your paycheck Can't be considered As we argue in our brief They never raised that before the board In a motion for reconsideration And that wasn't the only thing that the board relied on In finding this interrogation to be coercive And I have a couple of cases What about the argument And I may not be pronouncing it No reason to think that Metulus would be coerced A very outspoken proponent for the union Understood what was going on With the union vote No reason to think that Being coerced in any fashion Well an employer is not free to interrogate Union supporters That's one factor that the board and the court does consider Whether this person openly supported the union But it is an objective standard Whether this type of situation would reasonably tend to coerce someone And in this case Notwithstanding his open union support The board found that this would reasonably tend to Coerce an employee And just a few I'd just like to cite a few cases To show that this type of argument can be Jurisdictionally barred by 10E This court in Progressive Electric Found that an 8C argument was jurisdictionally barred And this court in a recent unpublished opinion In Ampersand Publishing Found that a First Amendment argument could be jurisdictionally barred What case is that? For the 8C it was Progressive Electric And the case site is 453 F 3rd 538 And for the First Amendment argument It's an unpublished decision but it's very recent It's Ampersand and it's 2017 Westlaw 131 4946 Thank you And if there aren't any further questions We ask that the court enforce the board's order in full Okay, is there any time left? Just very quickly your honor I could not find the argument regarding the interrogation And its effect on the other issues in our briefing In the time that I was sitting at the table I just want to touch on one point That Judge Griffith raised which was The language of the ALJ rejecting Gilman's testimony completely And I would argue it's more than just loose language It actually violates the duty to consider the record As a whole and to really see that You have to compare what the ALJ did with respect to The other witnesses who the ALJ found Partially incredible and that was Angel Sabalino where the judge Found part of her testimony incredible and what she did was She flyspecked through the testimony, picked out what she thought was credible Discarded what she thought was incredible and then still relied on that testimony With respect to Gilman, she found certain inconsistencies And disregarded the testimony as a whole And for that reason we don't think Which part of the testimony as a whole matters Other than her explanation of how long it took her From getting from the first stop sign To the picture Well also her testimony From getting the stop sign to the picture matters Also her testimony that she saw all four employees sleeping Also her testimony that she saw that their heads were propped up Their heads were laid back and their feet were propped up So her testimony is incredibly important on more than just the timeline And if the ALJ thought she was Transparently lying about how long it took Would that not be justified also To not believe that she was Her testimony about all of them sleeping? Certainly I think it would have been within the ALJ's discretion to say The testimony, she's obviously lying for To violate the NLRA And because of that I'm disregarding her testimony entirely That's not what the ALJ said though I think she mis-estimates this time You know what he said? Mis-estimates? He said it simply appeared implausible Again that's different from saying she's intentionally lying about it The ALJ is concluding that she doesn't think Her testimony is plausible on this point I don't think that necessarily Plausible is not usually the word you use when you say That somebody just mis-estimates She first says it only takes 5 minutes To do all the events And it's quite obvious That it can't possibly take only 5 minutes Then she goes up to 10 Then she goes up to maybe 15 This is like magic grits Magic grits can't be done in 10 minutes Again and I agree that the ALJ Was justified in discrediting or disagreeing With her testimony on the timeline I just don't think from that you can set aside the remainder of her testimony Does it reject completely simply mean To the extent that it's inconsistent With testimony on the other side? I don't think so your honor Why would I even ponder otherwise The only consequence is Rejecting it completely to the extent That it's in conflict Where there are two different versions And hers conflicts with the employees I accept the employees Otherwise there's nothing she's indicating That the supervisor said That is innocuous or undisputed She's not saying I'm discrediting that Except your honor I believe the ALJ did go beyond that Because if you look at the termination of Rodriguez There's no testimony in the record whatsoever To contradict the ALJ's testimony And yet she still made no factual findings On the Rodriguez termination So I do think the ALJ went beyond Just choosing one version of events over the others Even when there was undisputed evidence She still appeared to disregard Gilman's testimony With respect to the sleeping The ALJ says she can't believe it Because she didn't interrupt it She wouldn't have let all those people be sleeping It seems like you had a quite specific reason Why she didn't believe that Why the ALJ didn't believe that Certainly the ALJ offered certain support For her factual findings But again the bottom line conclusion That she draws to reject the testimony completely I don't think can be supported And I don't think it's consistent with the ALJ And the board's responsibility To consider the record evidence as a whole Well I mean there are just many many cases Where the ALJ has found, the board upholds it And the court upholds it This person is just not believable with respect to matters of consequence The testimony is consistently exaggerated It's not worthy So to the extent that the employer needs this testimony I'm not crediting it Because it's not a believable witness I think that's all she's saying I don't think that's noteworthy I think it happens all the time You have someone who gets on the stand The ALJ says this is really quite amazing Everything that's coming out of this person's mouth That matters is just not It's exaggerated, it's implausible It's inconsistent, it doesn't make sense And your honor, I would just say I don't think that was the finding made here She pointed to one thing, extrapolated from it And I don't think there's support for that in the record Okay, further questions? Thank you your honor
judges: Garland, Griffith, Edwards